## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| OLGA NIEVES and KEYRA JACOBS As Mother and Next of Friend for K'JANI CONNELL, a Minor,<br><br>Plaintiffs,<br>v.<br><br>KMART CORPORATION,<br><br>Defendant. | 2005-CV-0024 |

TO:  Lee J. Rohn, Esq.
     Eugenio W.A. Geigel-Simounet, Esq.

### ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION INSTRUCTION

THIS MATTER came before the Court upon Plaintiff's Motion For Spoliation Instruction (Docket No. 148). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Courts have defined spoliation as "'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable [sic] litigation.'" *Mosaid Technologies, Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citations omitted). It is well settled that "[e]vidence of spoliation may give rise to sanctions." *Id*. Both the Federal Rules of Civil

*Nieves v. Kmart Corp.*
2005-CV-0024
Order Denying Plaintiff's Motion For Spoliation Instruction
Page 2

Procedure and this Court's inherent powers authorize the Court to impose sanctions. *Scott v. IBM Corporation*, 196 F.R.D. 233, 247-48 (D.N.J. 2000). "Sanctions for spoliation range from an adverse jury instruction to judgment against the offending party." *White v. Pulver Systems, Inc.*, No. Civ. A. 96-CV-6788, 1998 WL 575123 at *2 (E.D. Pa. September 8, 1998).

Plaintiff claims that she is entitled to a spoliation of evidence instruction based upon her allegation that Defendant failed to maintain certain evidence, namely lip balm and surveillance video.

With regard to the lip balm, Plaintiff baldly asserts, "That lip balm has never been produced and apparently has been discarded . . . ." Motion at 1. Defendant, in response, has provided a copy of correspondence, dated February 5, 2009, to counsel for Plaintiff, in which counsel for Defendant offers the lip balm in question for inspection.[1] Moreover, despite Plaintiff's claim that this offer was made only recently, it is clear that counsel for Plaintiff was aware of the availability of the lip balm as early as June 2007, as demonstrated by the exchange between counsel during the oral deposition of Anthony Prentice:

> MR. BARNES: Just for the record, Kmart did already tag it, bag it. It's in my office. I already showed it you .
>
> MS. WASHBURN: I know.

---

1. Said copy is filed as Attachment #1 with Defendant's Opposition to Plaintiff's Motion (Docket No. 156).

*Nieves v. Kmart Corp.*
2005-CV-0024
Order Denying Plaintiff's Motion For Spoliation Instruction
Page 3

Transcript of Oral Deposition of Anthony Prentice, taken June 18, 2007, at p. 19.[2] Consequently, the Court finds that Plaintiff's allegation of Defendant's failure to preserve the lip balm patently false.

Plaintiff also claims that Defendant failed to preserve or destroyed any videotape evidence of the underlying incident. However, Plaintiff has not and cannot demonstrate that any videotape evidence, in fact, ever existed. According to Rafael Arroyo, he checked the video surveillance equipment for film of the underlying incident alleged in this matter. Transcript of Oral Deposition of Rafael Arroyo, November 28, 2006, at 48.[3] Mr. Arroyo further testified that since he didn't keep the videotape after checking it, it meant that no film was made of that particular incident, that no "camera pointed to that area. The camera do not reach to that area." *Id*. Based upon this testimony, and in the absence of any affirmative evidence provided by Plaintiff that surveillance video actually existed of the alleged accident, the Court finds that no surveillance videotape existed such that Defendant had a duty to maintain it.

---

2. A copy of a portion of this transcript, including the referenced page, is filed as Attachment #1 (APrentice Depo) with Plaintiff's said motion (Docket No. 148).

3. A copy of a portion of this transcript, including the referenced page, is filed as Attachment #5 (RArroyo Depo) with Plaintiff's said motion (Docket No. 148).

*Nieves v. Kmart Corp.*
2005-CV-0024
Order Denying Plaintiff's Motion For Spoliation Instruction
Page 4

Based upon the foregoing, the Court finds that Plaintiff is not entitled to a spoliation instruction.

WHEREFORE, it is now hereby **ORDERED** that Plaintiff's Motion For Spoliation Instruction (Docket No. 148) is **DENIED**.

ENTER:

Dated: June 8, 2009                         /s/ George W. Cannon, Jr.
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE